**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DISABLED PATRIOTS OF
AMERICA, INC., and EFREM
WALKER,

        Plaintiffs,

v.                                               CASE NO. 07-12162
                                                 HON. LAWRENCE P. ZATKOFF

BRIARWOOD, LLC,

        Defendant.
_____/

## ORDER FOR DEFENDANT TO PAY PLAINTIFFS' COSTS

On September 26, 2007, the Court Ordered Defendant to Show Cause as to why Defendant should not be sanctioned for its failure to appear at a Scheduling Conference on September 25, 2007. Defendant responded; however, the Court was not satisfied that Defendant had demonstrated good cause. Accordingly, the Court Ordered Defendant to pay Plaintiffs' reasonable costs incurred in appearing at the Scheduling Conference and instructed Plaintiffs to file a motion detailing their costs incurred in appearing at the Scheduling Conference and in preparing the motion. Plaintiffs filed their motion on October 16, requesting that the Court award them $1925.00 as sanctions for Defendant's failure to appear.

In their motion, Plaintiffs calculated their costs by multiplying an hourly billing rate of $275.00 by seven hours of work. The Court finds the $1925.00 requested by Plaintiffs is not reasonable. The starting point for the Court's analysis involves finding a reasonable hourly rate by looking to the prevailing market rate. *See Northcross v. Bd. of Educ.*, 611 F.2d 624, 638 (6th Cir. 1979). In *Blum v. Stenson*, the Supreme Court explained:

> In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to-for convenience-as the prevailing market rate.

*Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

According to the State Bar of Michigan, attorneys with 5-9 years of experience, like Plaintiffs' attorney, charge and average of $150.00 per hour. *See* State Bar of Michigan 2003 Economics of Law Practice at 25. Further, a sole practitioner with one or more associates, like Plaintiffs' attorney, charges an average of $178.00 per hour. *See id.* Thus, the Court finds that an hourly rate of $165.00 is more appropriate.

Additionally, the Court finds the time allotted by Plaintiffs for driving between Toledo, Ohio and Port Huron, Michigan, a total distance of approximately 120 miles, is excessive. Therefore, the Court will reduce this total time by one hour, from five hours to four hours. Accordingly, the Court finds that the reasonable costs incurred were $990.00 ($165.00 x 6 hours). Defendant is HEREBY ORDERED to pay Plaintiffs $990.00 as sanctions for its failure to appear at the September 25, 2007, scheduling conference.

IT IS SO ORDERED.

                                                    s/Lawrence P. Zatkoff
                                                    LAWRENCE P. ZATKOFF
                                                    UNITED STATES DISTRICT JUDGE

Dated: November 2, 2007

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 2, 2007.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290